UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA H. VINCENT,

     Plaintiff,

v.                                  CASE NO: 8:08-cv-1756-T-23EAJ

REGIONS BANK, et al.,

     Defendants.
_____/

**O R D E R**

     Asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1), the

defendant removed (Doc. 1) this action from the circuit court for Sarasota County,

Florida.  The complaint (Doc. 2) alleges state law contract and tort claims arising from

the defendants' repossession of the plaintiff's yacht.  The notice of removal states,

"Because Plaintiff's Complaint has brought suit alleging damages related to the

repossession of a vessel covered by a Preferred Ships Mortgage, this court has original

jurisdiction to entertain the claims pursuant to 28 U.S.C. § 1333(1)."  (Doc. 1, ¶ 4)  A

December 2, 2008, order (Doc. 17) directs the defendant to show cause why this action

should not be remanded for lack of jurisdiction.  See Romero v. Int'l Terminal Operating

Co., 358 U.S. 354 (1959).  The defendant tersely responds (Doc. 19) that the

defendant's third party complaint (Doc. 5) asserts a claim for possession of a vessel

covered by a Preferred Ships Mortgage.  The defendant states, "Since the federal court

has exclusive jurisdiction to adjudicate Defendant's claim against [the vessel], the cause of action should not be remanded for lack of jurisdiction."  (Doc. 19, ¶ 6)

Congress allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1333(1), a federal district court enjoys "original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."  Under the "saving to suitors" clause, a plaintiff "with a common law claim arising from a transaction over which a federal court would have admiralty jurisdiction may either avail [himself] of federal admiralty jurisdiction or sue at law in state court." J. Aron & Co. v. Chown, 894 F. Supp. 697, 699 (S.D.N.Y. 1995).  The plaintiff's election to sue at common law in state court "forever prevents the federal district courts from obtaining admiralty jurisdiction." Aron, 894 F. Supp. at 699.  Thus, despite the broad language in § 1441(a), "a defendant may not remove a case based upon general maritime or admiralty jurisdiction alone."  Zoila-Ortega v. B J-Titan Servs. Co., 751 F. Supp. 633, 35-37 (E.D. La. 1990).  "To allow removal of [a saving to suitors clause case] would . . . defeat the purpose of the clause." Chambers-Liberty Counties Nav. Dist. v. Parker Bros. & Co., 263 F. Supp. 602, 605 (S.D. Tex. 1967).

To remove an admiralty or maritime case, the defendant must identify in the complaint an independent basis for subject matter jurisdiction, such as a federal question or diversity of citizenship.  The complaint reveals that the parties are not diverse.  Accordingly, subject matter jurisdiction exists only if the plaintiff's complaint arises under federal law.  28 U.S.C. § 1331; Louisville & Nashville R.R. Co. v. Mottley,

- 2 -

211 U.S. 149 (1908).  The existence of a federal question is determined by the plaintiff's complaint at the time of removal.  <u>Franchise Tax Board v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 9-10 (1983).  "[I]f allegations in the complaint do not bring the case within the removal jurisdiction of the district court, '[the suit] cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant.'" <u>Stone v. Williams</u>, 792 F. Supp. 749, 753 (M.D. Ala. 1992) (quoting <u>Great Northern Ry. Co. v. Alexander</u>, 246 U.S. 276 at 281 (1908)); <u>see</u> <u>also</u> <u>Takeda v. Nw. Nat'l Life Ins. Co.</u>, 765 F.2d 815, 821-22 (9th Cir. 1985) (counterclaim under ERISA fails to render case removable).

The complaint alleges state law claims for breach of contract, civil theft, conversion, tortious interference with a contract, breach of fiduciary duty, civil conspiracy, and negligence.  For purposes of 28 U.S.C. § 1331, general maritime cases do not "arise under" the laws of the United States.  <u>See</u> <u>Romero v. Int'l Terminal Operating Co.</u>, 358 U.S. 354, 368 (1959).  Accordingly, no federal question appears on the face of the plaintiff's well-pleaded complaint, and this action is **REMANDED** to the circuit court for Sarasota County, Florida.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Sarasota County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on December 15, 2008.

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

xc:    Courtroom Deputy